UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SERENA McCORMICK,

        Plaintiff,

        v.                                        Case No. 09-C-0147

MICHAEL J. ASTRUE,

        Defendant.

---

DECISION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. # 23)

On February 13, 2009, the plaintiff, Serena McCormick, sought judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the final decision of the Commissioner of Social Security denying her benefits. After the court set a briefing schedule and the plaintiff filed her brief, the parties agreed that the matter should be remanded pursuant sentence four of 42 U.S.C. § 405(g), and that judgment be entered in favor of the plaintiff. On September 19, 2009, this court granted the parties' joint motion, and the matter was remanded for further proceedings pursuant to sentence four. Now before the court is the plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (EAJA).

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Here, the Commissioner concedes that the prerequisites for an award of fees have been met. The question before the court, therefore, is whether the plaintiff's fee request is reasonable.

A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked . . . ."). However, the court should not arbitrarily reduce hours requested, but rather make a determination of reasonableness based upon the facts in the case. *See Bryan v. Astrue*, 08-CV-5472, 2010 WL 438384, *1(N.D. Ill. Feb. 8, 2010) (citing *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984)); *see also Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992).

The plaintiff requests an award of $10,870.25 for 66.64 hours billed—this includes 56.45 hours billed by attorneys Frederick Daley, Ryan Griffin, and Thomas Bush; and 10.19 hours billed by law clerk Suzanne Blaz.[1] The plaintiff has provided itemized billing statements and materials supporting the hourly rates requested. The Commissioner does not oppose the plaintiff's requested hourly rates, which appear to be reasonable and in line with other awards in this district.

Instead, the Commissioner contends that the plaintiff's attorneys spent too time much preparing the plaintiff's brief. The Commissioner contends that the "fifty hours claimed by Ryan Griffin is excessive in light of the factual and legal issues presented." (Def.'s Response Br. 3.) In addition to the "nearly fifty hours" claimed by Griffin for work on the brief, Daley billed "1.58 hours" for reviewing and revising the brief, and Blaz billed

---

[1] This includes 56.45 hours of work by attorneys at $170.00 per hour, and 10.19 hours of work by a law clerk with a J.D. degree at $125.00 per hour. This also includes 0.5 hours billed by Daley and 1.0 hour billed by Blaz in preparing the reply to the Commissioner's response regarding the EAJA request.

"six hours" for work on the brief.[2] According to the Commissioner, "[t]hree individuals with law degrees billing for similar work on a fairly typical case involving no particular nuanced law or fact does not demonstrate the exercise of billing judgment." (Def.'s Response Br. 3.)

In reply, the plaintiff points out that the time billed by Attorney Griffin is not excessive inasmuch as he was required to review and analyze the three-volume administrative record—over 2,500 pages spanning three administrative hearings, extensive medical evidence, and testimony from two vocational experts. (Pl.'s Reply Br. 2-3.) While the Commissioner asserts that "a quick glance at two of those volumes revealed that they were irrelevant to the issues of this case," (Def.'s Response Br. 3), the plaintiff responds that counsel could not ensure all relevant materials were obtained without reviewing the entire file, and that "new pages of evidence" were interspersed among otherwise duplicative materials, (Pl.'s Reply Br. 3). Further, the plaintiff notes that the Commissioner fails to provide any explanation in support of his contention that the case was "fairly typical"—a characterization the plaintiff disputes. Moreover, it appears that the law clerk took over final preparation of the brief after Attorney Griffin became unavailable. (Pl.'s Reply Br. 3.)

In light of the substantial administrative record in this case, the court cannot conclude that the time spent by plaintiff's counsels in preparing the initial brief was excessive. It is expected that counsel carefully review all materials in the record in preparation for litigation. Moreover, the court cannot conclude that time spent by the law

---

[2] The Commissioner does not specify what entries in the plaintiff's attorneys' billing records he is objecting to. However, it appears the Commissioner is pointing to Daley's billing entries on April 12, 2009 (0.18 hours), April 15, 2009 (0.4 hours), and June 10, 2009 (1.0 hours). As for Blaz, it appears the Commissioner is pointing to time billed on June 9, 2009 (1.65 hours), and June 10, 2009 (entries of 3.85 hours and 0.55 hours).

clerk in assisting on the brief was unnecessary, or that time spent by Attorney Daley in reviewing and revising the plaintiff's brief is duplicative. As noted by several district courts in this circuit, it is appropriate for a senior attorney to revise and edit briefs prior to submission. *See e.g., Lauer v. Astrue*, No. 08-CV-831, 2010 WL 724433, *2 (E.D. Wis. Feb. 26, 2010) (Goodstein, M.J.) ("As the senior attorney in the firm, it is certainly appropriate for Daley to confer with his less experienced associates in establishing their strategy for prosecuting the case. It is also incumbent upon Daley to review the work of his associates, edit it when necessary, in order to make certain that the product that leaves the office is of the highest quality."); *Begolke v. Astrue*, No. 06-CV-445, 2007 WL 5490748, *2 (W.D. Wis. Oct. 26, 2007) (Crabb, J.) ("A commonsensical reading of the time log indicates that although multiple lawyers worked on plaintiff's case, the more senior attorneys were limited to directing and reviewing the work of Aloe, the junior attorney. This is not an uncommon nor unreasonable litigation practice."); *Nickola v. Barnhart,* No. 03-CV-622, 2004 WL 2713075, *1 (W.D. Wis. Nov. 24, 2004) (Crabb, J.) ("I agree that there appears to be some overlap in the work performed by the attorneys and law clerks. However, I do not find that to be a basis for reducing the fee award. Most reasonable attorneys would want to become well-acquainted with a new case and to prepare a litigation strategy before delegating it to a law clerk. Conversely, a law clerk called upon to draft a brief in a social security case needs to know the record in detail."). The Commissioner does provide support for his allegation the manner in which plaintiff's counsels' distributed work was improper, or that the time spent is excessive under the circumstances. Thus, upon review of the record in this case, the plaintiff has met her burden of establishing the reasonableness of the hours worked, and an award of attorneys fees is appropriate. Therefore,

IT IS ORDERED that the plaintiff's application for attorneys' fees under the Equal Access to Justice Act (Doc. # 23) is granted in the total amount of $10,870.25

IT IS FURTHER ORDERED that such fee is awarded to plaintiff's counsel Frederick J. Daley.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE